

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-182

Re: The applicability of the
Texas Stock Transfer Tax
Law to transfer of stock
to the survivor when the
stock was issued to two
persons as tenants in com-
mon with the right of sur-
vivorship.

Dear Sir:

In your letter of April 14, 1947, you request the opinion
of this department upon the question presented in a letter from Mr.
Robert B. Hincks, of the firm of Burford, Ryburn, Hincks & Ford.
Mr. Hincks' letter is as follows:

"As Attorney for a Texas corporation, I have
frequent occasion to pass on various transfers of
stock, which transfers are made on the books of the
Company's transfer agent in Dallas.

"Often we have a transfer requested to the sur-
vivor where the stock has been issued in two names,
as tenants in common with right of survivorship.
While this right of survivorship is not legal in Tex-
as unless supported by a contract in the lifetime of
the parties, it is legal in many states and we have
ruled that in such cases the law of the residence ap-
plies and we make the transfer to the survivor on
proof of the death of the other tenant in common.

"I have been unable to find a ruling as to wheth-
er or not the Texas Stock Transfer Tax Law applies
to the above transactions. The Federal Law exempts
them from stock transfer taxes as a transfer arising
by operation of law.

"Would you be kind enough to render me a find-
ing or regulation on the above?"

Article 7047m, V.C.S., provides in part as follows:

"There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing an interest in or representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustee or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation, or trustee, or by any assignment in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose, or to secure the future payment of money or the future transfer of any such stock, or certificate, on each hundred dollars of face value or fraction thereof, three (3) cents, . . ."

After providing for the levy of the tax upon the conditions set out in the above-quoted portion of Article 7047m, there follows certain exceptions, to which the tax does not apply. The exception necessary for us to consider here is as follows:

". . . if neither the sale, nor the order for, nor agreement to buy, nor the agreement to sell, nor the memorandum of sale, nor the delivery is made in this State and when no act necessary to effect the sale or transfer is done in this State. . . ."

A construction of the foregoing exception calls for a determination of whether or not the sale, the order for, the agreement to buy, the agreement to sell, the memorandum of sale, the delivery, or any act necessary to effect the sale or transfer, is done in this State.

A careful research reveals that our courts have not thus far construed Article 7047m in connection with the problem presented; hence this opinion rests upon our own construction of the Act applicable to the problem presented.

If a certificate of stock has been issued to two persons, as tenants in common, with absolute right of ownership vesting in the survivor upon the death of one of the tenants in common, and at

the time of death, under the law of the State in which the tenants in common reside, the ownership passes unconditionally to the survivor by operation of law, then we are of the opinion that there does not remain any further act necessary to effect the sale or transfer in this State. Indeed if the title passes to the survivor by operation of law, we doubt if there has been a sale or transfer within the purview of this statute. But if so, and if the necessary act to effect the sale or transfer has occurred in another State, it is not subject to tax in this State. We confine our answer solely to the Question of a transfer that inures to the benefit of the surviving tenant in common in a State in which such ownership may arise by operation of law, and not by virtue of a contract made in the lifetime of the parties as required in Texas before the surviving tenant in common may claim the full ownership of the stock. Article 2580, V.C.S.; Chandler v. Kountz, 130 S. W. (2d) 327 (Court of Civil Appeals).

## SUMMARY

A certificate of stock owned by two persons as tenants in common is not subject to the stock transfer tax provided in Article 7047m, V.C.S., if under the law of the State where such tenants in common reside, absolute ownership vests in the survivor upon the death of one of the owners by operation of law. This ruling is applicable only to the States in which by operation of law the survivor acquires complete ownership of stock which he owned with a tenant in common at the time of the death of such tenant.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY

L. P. Lollar
Assistant

LPL:mmc

APPROVED MAY 5, 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS